1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN MICHAEL BUTLER,                    No.  2:22-cv-0226 KJM DB PS

12                Plaintiff,

13        v.                                  ORDER

14   LACHELLE DOZIER, et al.,

15                Defendants,

16

17        Plaintiff Kevin Michael Butler is proceeding in this action pro se.  This matter was

18   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19   Pending before the court are plaintiff's complaint, motion to proceed in forma pauperis pursuant

20   to 28 U.S.C. § 1915, and request for status.  (ECF Nos. 1-3.)  The complaint relates to plaintiff's

21   potential loss of housing assistance.

22        The court is required to screen complaints brought by parties proceeding in forma

23   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

24   2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated

25   below, plaintiff's complaint will be dismissed with leave to amend.

26   I.    Plaintiff's Application to Proceed In Forma Pauperis

27        Plaintiff's in forma pauperis application makes the financial showing required by 28

28   U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

1

1    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

2    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

3    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

4    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

5    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

6    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

7    IFP because it appears from the face of the amended complaint that McGee's action is frivolous

8    or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

9    District Court to examine any application for leave to proceed in forma pauperis to determine

10   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

11   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

12        Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

13   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

14   state a claim on which relief may be granted, or seeks monetary relief against an immune

15   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

16   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

17   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

18   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

19   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

20        To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

21   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

22   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

23   true the material allegations in the complaint and construes the allegations in the light most

24   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

25   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

26   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

27   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

28   ////

                                              2

1    conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

2    Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

3    　　　　The minimum requirements for a civil complaint in federal court are as follows:

4    　　　　　　　A pleading which sets forth a claim for relief . . . shall contain (1) a
　　　　　　　short and plain statement of the grounds upon which the court's
5    　　　　　　　jurisdiction depends . . . , (2) a short and plain statement of the claim
　　　　　　　showing that the pleader is entitled to relief, and (3) a demand for
6    　　　　　　　judgment for the relief the pleader seeks.

7    Fed. R. Civ. P. 8(a).

8    **II.　　　Plaintiff's Complaint**

9    　　　　Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing

10   that plaintiff is entitled to relief.  In this regard, the complaint alleges in a vague and conclusory

11   manner that the defendants have "denied plaintiff's rights to honest services and are negligent and

12   breached said contract."  (Compl. (ECF No. 1) at 4.)  "Defendant/landlord Rhydan Mohammad

13   refuses to make necessary repairs," and defendant "SHRA will terminate said contract on

14   1/30/2022."  (Id.)  Plaintiff "will lose housing assistance if a transfer or notice of move is not

15   served."  (Id.)  In this regard, it is not clear what claim plaintiff is attempting to assert nor how

16   any named defendant's conduct establishes that claim.

17   　　　　Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

18   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

19   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

20   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

21   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

22   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

23   enhancements.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

24   557).  A plaintiff must allege with at least some degree of particularity overt acts which the

25   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

26   　　　　Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any

27   case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of

28   Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

1    jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.

2    Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

3    (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

4    affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

5    Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

6        Lack of subject matter jurisdiction may be raised by the court at any time during the

7    proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

8    1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

9    subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

10    obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.

11    Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

12    cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

13        The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer

14    "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also be

15    conferred by federal statutes regulating specific subject matter.  "[T]he existence of federal

16    jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to

17    those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d

18    1108, 1113 (9th Cir. 2000).

19        District courts have diversity jurisdiction only over "all civil actions where the matter in

20    controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action

21    is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a

22    foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are

23    additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different

24    States."  28 U.S.C. § 1332.  "To demonstrate citizenship for diversity purposes a party must (a) be

25    a citizen of the United States, and (b) be domiciled in a state of the United States."  Lew v. Moss,

26    797 F.2d 747, 749 (9th Cir. 1986).  "Diversity jurisdiction requires complete diversity between

27    the parties-each defendant must be a citizen of a different state from each plaintiff."  In re

28    Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

1    Here, the complaint asserts that the court has federal question jurisdiction over this action.

2    However, the claims referenced in support of this assertion are either state law tort causes of

3    action (negligence, breach of contract, honest services fraud) or violations of federal criminal

4    statutes.  (Compl. (ECF No. 1) at 3.)  "These criminal provisions, however, provide no basis for

5    civil liability."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); see also Jianjun Xie v.

6    Oakland Unified School Dist., No. C 12-2950 CRB, 2012 WL 5869707, at *5 (N.D. Cal. Nov. 19,

7    2012) ("Although Plaintiffs assert many causes of action through various federal criminal statutes

8    and California Penal Code provisions, no private right of action exists to enforce a criminal

9    statutory provision.").

10    The only statute referenced which could present federal question jurisdiction and which

11    allows for a private right of action is the Fair Housing Act, 42 U.S.C. § 3601, ("FHA"), *et. seq*.

12    (Compl. (ECF No. 1) at 3.)  The FHA prohibits discrimination against "any person in the terms,

13    conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities

14    in connection therewith, because of race, color, religion, sex, familial status, or national origin,"

15    42 U.S.C. § 3604(b), or "because of a handicap," 42 U.S.C. § 3604(f)(2).  "To state a claim under

16    § 3604, a plaintiff must show that he or she was subjected to different 'terms, conditions, or

17    privileges because of a protected status.'"  Cabrera v. Alvarez, 977 F.Supp.2d 969, 975 (N.D. Cal.

18    2013) (citing 42 U.S.C. § 3604(b)).  Here, however, there are no allegations in the complaint that

19    plaintiff was subjected to different terms, conditions, or privileges.

20    **III.    Leave to Amend**

21    For the reasons stated above, plaintiff's complaint must be dismissed.  The undersigned

22    has carefully considered whether plaintiff may amend the complaint to state a claim upon which

23    relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith,

24    prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

25    1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,

26    701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the

27    court does not have to allow futile amendments).

28    ////

1    However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff

2    may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts

3    in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,

4    1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.

5    Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

6    amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

7    cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

8    1988)).

9    Here, given the complaint's vague and conclusory allegations the undersigned cannot yet

10   say that it appears beyond doubt that leave to amend would be futile.  Plaintiff's complaint will

11   therefore be dismissed, and plaintiff will be granted leave to file an amended complaint.  Plaintiff

12   is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court

13   must accept as true all of the allegations contained in a complaint is inapplicable to legal

14   conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While legal conclusions can

16   provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.

17   Those facts must be sufficient to push the claims "across the line from conceivable to

18   plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

19   Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

20   amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

21   in itself without reference to prior pleadings.  The amended complaint will supersede the original

22   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

23   just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

24   and identified in the body of the complaint, and each claim and the involvement of each

25   defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

26   must also include concise but complete factual allegations describing the conduct and events

27   which underlie plaintiff's claims.

28   ////

6

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed February 3, 2022 (ECF No. 1) is dismissed with leave to amend.[1]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

4. Plaintiff's April 12, 2022 request for status (ECF No. 3) is granted.

DATED: April 18, 2022                              /s/ DEBORAH BARNES
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.